UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Karla E.,[1] | Case No. 24-CV-2064 (DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Martin J. O'Malley, Commissioner of the Social Security Administration, | |
| Defendant. | |

This matter is before the Court on Plaintiff Karla E.'s Complaint appealing the denial of her application for social security benefits (ECF No. 1). In lieu of paying the filing fee in this matter, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") ("IFP Application") (ECF No. 3). The Court must consider Plaintiff's IFP Application before any other action may be taken in this matter.

"The central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam). Plaintiff's IFP Application shows that Plaintiff and her spouse—primarily her spouse—have earned approximately $5,500 per month in income over the past twelve months and expect to continue earning approximately that amount. (*See* ECF No. 3 at 2-3); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend'"

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

1

(quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)).  This amounts to over 250% of the federal poverty guidelines for a family of three living in Minnesota—not an extravagant amount, to be sure, but also not an amount for which payment of the $405.00 filing fee would be expected to amount to an undue hardship.

The Court recognizes that Plaintiff does not have substantial liquid assets at this time and that the filing fee could not be described fairly as a minimal expense for Plaintiff and her family.  That said, the Court concludes that Plaintiff's familial income, which is both stable and reasonably substantial, precludes a finding that she is unable to pay the filing fee in this matter.  The Court denies her IFP Application on that basis.  Plaintiff must pay the $405.00 filing fee for this action by **June 25, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Karla E's application to proceed *in forma pauperis* of (ECF No. [3]) is **DENIED**.

2. Plaintiff must pay the $405.00 filing fee for this matter by **June 25, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.

Dated: June 4, 2024                              *s/ Dulce J. Foster*
                                                 DULCE J. FOSTER
                                                 United States Magistrate Judge